# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS NICKLES,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　Case No. 13-1393-MLB-KGG
　　　　　　　　　　　　　　　　)
NEWTON CITY MUNICIPAL　　　　　)
COURT, Newton, Kansas,　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　 )
_____)

**ORDER GRANTING MOTION
TO PROCEED WITHOUT PREPAYMENT OF FEES,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
REPORT & RECOMMENDATION FOR DISMISSAL OF COMPLAINT**

In conjunction with his federal court Complaint alleging a ongoing problems with a municipal court judge, Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). He also filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.　　Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 23-years-old and single, but has a two-year-old daughter for whom he provides monthly financial support. (*Id*., at 1-2.) He is currently employed at a fast food restaurant in Newton, making a modest monthly wage and does not receive health insurance. (*Id*.) He also lists unemployment and governmental child support benefits. (*Id*., at 4.) He does not own an automobile or real property, but pays a modest amount in monthly rent for her home. (*Id*., 3, 4, 5.) He lists groceries and telephone as his only monthly expenses in addition to certain other debts, including medical

2

expenses and court costs. (*Id*., at 5.) He has not filed for bankruptcy and indicates only a small amount of cash on hand. (*Id*., at 4, 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has established that his access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status. Under these circumstances, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion for *IFP* status.

II.  **Motion to Appoint Counsel, Sufficiency of Complaint, and R&R for Dismissal.**

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may

3

discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

The Court is not satisfied that Plaintiff diligently searched for counsel as he has not listed any attorneys with whom he communicated.  (*See* Doc. 4.)  Rather than require Plaintiff to contact additional attorneys, however, the Court will focus on the third *Castner* factor, the merits of Plaintiff's claims.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty pursuant to Section 1915 of Tile 28 of the United States Code to review the complaint.  Dismissal is required if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).[1]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that it can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Federal Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing a plaintiff's complaint and construing the

6

allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff, who lives in Newton, Kansas, is bringing the present lawsuit, against Newton, Kansas, Municipal Court, which is also located in Kansas. (*See* Doc. 1.)

> To establish diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiff must establish that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant. See ***Wis. Dep't of Corr. v. Schacht***, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). For purposes of the diversity statute, a corporation is a citizen of both the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). And an individual is a citizen of the state of his or her domicile.

***Gearheart v. ClickSpeed Marketing, Inc***., No. 13-2160-SAC, 2013 WL 4482972, *3 (D. Kan. Aug. 20, 2013). Based on the allegations contained in Plaintiff's Complaint, there is no basis for diversity jurisdiction in the present matter.

In his form Complaint, Plaintiff has also failed to provide any basis for federal question jurisdiction, ignoring section II. B. relating to jurisdictional "grounds other than diversity." (*See* Doc. 1, at 3.) Instead, Plaintiff merely states

that he is having problems with a municipal court judge, who is "stating that hes [sic] not going to allow me to win" and is requiring Plaintiff to pay his criminal fines before he can pay a traffic fine that would allow him to get his drivers license reinstated. (*Id*.) While Plaintiff contends that this is "unconstitutional because criminal has nothing to do with my traffic ticket," this conclusory statement does not provide federal question jurisdiction or state a viable cause of action. Because Plaintiff's Complaint provides no basis for federal court jurisdiction and does not state a claim upon which relief may be granted, he cannot establish the third *Castner* factor. The Court thus **DENIES** Plaintiff's motion for appointment of counsel and **RECOMMENDS** his case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3, sealed) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4, sealed) is **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of federal court jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the fourteen day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 19th day of November, 2013.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge